UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br><br>STANLEY A. BOONE; ARLEN HARRELL; AND FRESNO COUNTY,<br><br>　　　　　Defendants. | 1:16-cv-682-LJO-EPG<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(ECF No. 2,3 and 6.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.　BACKGROUND**

Terrance Brownlee ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 13, 2016, together with an application to proceed *in forma pauperis,* and a motion to appoint counsel. (ECF Nos. 1, 2, and 3). He subsequently filed a First Amended Complaint and a Motion to Amend the Complaint on June 13, 2016. (ECF Nos. 5 and 6).

**II.　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III.    ANALYSIS

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. The court has found evidence on the court record of 1915(g) "strikes" against Plaintiff, which were all entered before this action was filed on May 13, 2015.[1] The first is case 2:00-cv-2666-LKK-JFM (Brownlee v. Hoffman, et al.) (EDCA), which was dismissed on August 7, 2001, for failure to state a claim. The second is case 2:03-cv-00746-DFL-DAD P (Brownlee v. Smith et al.) (EDCA), which was dismissed on June 17, 2003, for failure to state a claim. The third is case 2:07-cv-2040-KJD-PAL (Brownlee v. Armoskus et al.) (EDCA), which was dismissed on January 26, 2011, for failure to state a claim. The fourth is case 2:09-cv-2040-JFM (Brownlee v. Swigle et al.) (EDCA), which was dismissed and affirmed on appeal on the basis that Plaintiff was a three striker. (ECF 19 and 20).

The Court has reviewed Plaintiff's Complaint, as well as the proposed First Amended Complaint (Docs. 1 and 5), and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).[2] Therefore, Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's application to proceed *in*

---

[1] The court has examined the orders dismissing the cases and finds that they constitute "strikes" within the meaning of § 1915(g).

[2] Although Plaintiff alleges he is in imminent danger, a close review of the Complaint and Amended Complaint are void of any facts establishing that Plaintiff is in fact under imminent danger of serious physical injury at the time he filed the pleadings. (ECF 1 and 5). Both Complaints challenge a dismissal of his habeas petition in which Plaintiff is contesting a conviction for second degree murder and robbery. See, Brownlee v. Spearman, 1:16-cv-244- SAB-HC (E.D. Cal. April 4, 2016) (Doc. 10). The court expresses no opinion on the merits of Plaintiff's claims.

*forma pauperis* shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

**IV.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis* in this action is DENIED;
2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 20, 2016**                          **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES CHIEF DISTRICT JUDGE