UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, | 1:16-cv-682-LJO-EPG |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 9) |
| v. | |
| STANLEY A. BOONE, et al., | |
| Defendants. | |

On June 21, 2016, the Court denied Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissed his first amended complaint ("FAC") without prejudice because he is subject to the "three strikes" provision of 28 U.S.C. § 1915(g). Doc. 7. Plaintiff now moves for reconsideration of that order. Doc. 9.[1] The Court construes the motion to have been brought under Fed. R. Civ. P. 59(e) ("Rule 59(e)").

A motion to alter or amend a judgment may be made pursuant to Rule 59(e). A district court should not grant a motion for reconsideration under Rule 59(e) "absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (internal citations and quotations omitted). A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona*

---

[1] Because in the FAC and his motion for reconsideration Plaintiff names Senior United States District Judge Ishii, United States District Judge Drozd, and the undersigned—all of the district judges of this Court's Fresno division—the undersigned need not recuse himself. *See Glick v. Edwards*, 803 F.3d 505, 509 (9th Cir. 2015).

1

*Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations and quotations omitted).

None of these circumstances exists here. As explained in the Court's order dismissing the FAC, Plaintiff is not permitted to proceed IFP (and therefore he may not pursue this action until he pays the filing fee) unless he demonstrates that, at the time the complaint was filed, he was under the threat of imminent danger. Doc. 7 at 2; *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff failed to allege facts showing that he was (or is) under the threat of imminent danger. Plaintiff's motion for reconsideration, which again asserts in an entirely conclusory fashion that he is under the threat of imminent danger, likewise fails to allege that any imminent threat exists. In sum, Plaintiff has not demonstrated that the Court committed "clear error" in its prior order or that "the initial decision was manifestly unjust." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Accordingly, the Court DENIES Plaintiff's motion for reconsideration (Doc. 9).

IT IS SO ORDERED.

Dated:   **August 2, 2016**                    /s/ Lawrence J. O'Neill
                                                              UNITED STATES CHIEF DISTRICT JUDGE